IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01336-BNB

ALBERT PETER GRENIER,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Albert Peter Grenier, is a prisoner in the custody of the Colorado Department of Corrections at the correctional facility in Sterling, Colorado. He attempted to initiate the instant action by submitting *pro se* a motion titled "Motion to Request Mittimus at Court Expense" (ECF No. 1). The Court reviewed the motion and determined it was deficient. Therefore, on May 13, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Mr. Grenier to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

    The May 13 order pointed out that Mr. Grenier failed to submit either the $5.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, together with a certificate of the warden showing the current balance in his prison account. The May 13 order also pointed out that Mr. Grenier failed to submit an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the proper, Court-approved form that named the appropriate

Respondent. The May 13 order directed Mr. Grenier to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The May 13 order warned him that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

Mr. Grenier has failed to cure the designated deficiencies within the time allowed, or otherwise communicate with the Court in any way. Therefore, the action will be dismissed without prejudice for Mr. Grenier's failure to cure the designated deficiencies as directed within the time allowed and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Grenier files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Albert Peter Grenier, to cure the deficiencies designated in the order to cure of May 13, 2014, within the time allowed, and for his failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  20th  day of   June  , 2014.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court